# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60976
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HAROLD DAMPER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CR-5-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Harold Damper, federal prisoner # 14313-112, seeks permission to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion to disqualify Judge Keith Starrett pursuant to 28 U.S.C. § 455. Damper contends that Judge Starrett abused his discretion in not immediately recusing himself because he "was assigned a case wherein his first cousin, while acting as an attorney for the Government, illegally destroyed evidence prior to what should have been a mandatory evidentiary hearing." Damper asserts that in addition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to recusing himself, Judge Starrett should have reported Assistant United States Attorney (AUSA) Richard T. Starrett's unethical actions. Furthermore, Damper argues that Judge Starrett failed to hold an evidentiary hearing regarding his § 2255 motion because Judge Starrett was aware of his cousin's unethical behavior. Damper further contends that he was entitled to a new sentencing hearing following Judge Starrett's decision to vacate his previous eight-year term of supervised release and reduce it to a six-year term. By moving for leave to proceed IFP, Damper is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Damper fails to set forth any facts that would lead a reasonably objective person to doubt the impartiality of the district court judge. *See* § 455(a), (b)*; Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). Damper's argument that Judge Starrett should have recused himself because he was aware that AUSA Starrett destroyed evidence, and as such he was denied an evidentiary hearing on his § 2255 motion was not raised by Damper in his motion for disqualification before the district court. In his briefs, Damper fails to challenge the district court's reasoning for denying his motion for disqualification. He does not challenge Judge Starrett's determination that there was no appearance of impropriety resulting from Judge Starrett's handling of Damper's case since the case was reassigned from AUSA Starrett to another AUSA before Judge Starrett was assigned the case from Judge Charles W. Pickering. Damper also does not challenge the district court's determination that disqualification was not required under § 455(b)(5) because, although Judge Starrett and AUSA Starrett are first cousins, their relation is not "a person within the third degree of relationship."

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.

1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, Damper has abandoned any challenge to the district court's certification decision by failing to raise the issues in his motion or brief. *See Brinkmann,* 813 F.2d at 748.

In any event, Damper's assertion that AUSA Starrett unethically destroyed evidence is not supported by the record. The evidence Damper is referring to in his brief is the crack cocaine that was seized as evidence in his case. On August 27, 2002, Judge Pickering granted the Government's request to destroy the crack cocaine, which was in the custody of the FBI, since Damper's case had concluded. As the Government argues in its brief, the destruction of evidence following the conclusion of a case is routine. Furthermore, other than conclusory assertions, Damper has not shown any bad faith on the part of the Government in destroying the crack cocaine. *Cf. United States v. Gibson*, 963 F.2d 708, 711 (5th Cir. 1992).

To the extent Damper challenges the district court's decision regarding his 28 U.S. C. § 2255 motion, such a claim would be unreviewable since this court has previously denied a certificate of appealability regarding Damper's § 2255 motion, and he has not sought permission to file a successive § 2255 in the district court. *See* § 2255(h). Accordingly, Damper's request for leave to proceed IFP is denied and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.